# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARVIN THOMAS,**

        Plaintiff,

        -vs-

**Case No. 10-C-328**

**CHESTNUTT HILL APARTMENTS,
JEN KUO, ERIC CHANG,
LT. VAN LANEN, OFFICER BRAD BRODBECK,
OFFICER DAVID GRAF, OFFICER JASON MUCHA,
OFFICER MICHAEL VAGNINI, OFFICER JACOB
KNIGHT and OFFICER JASON RODRIGUEZ,**

        Defendants.

## DECISION AND ORDER

*Pro se* plaintiff Marvin Thomas ("Thomas") brought this action alleging that in September 2009, Lt. Van Lanen, Officer Brad Brodbeck and Officer David Graf, members of the Brown County Drug Task Force, conducted an illegal search and seizure at his apartment which resulted in Thomas's wrongful arrest and criminal drug charges in Brown County. Thomas also brings claims against his apartment complex, Chestnutt Hill Apartments, and employees Jen Kuo and Eric Chang. Magistrate Judge Goodstein granted Thomas' request for leave to proceed *in forma pauperis* ("IFP"), screened the complaint and directed service on the defendants. After Van Lanen, Brodbeck and Graf (the Brown County defendants) appeared and answered,[1] Thomas moved to amend the complaint. The proposed

---

[1] The remaining defendants have not appeared.

amendment seeks to join the City of Milwaukee Police Department and four Milwaukee police officers as additional defendants.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A), (B). Thomas' complaint falls under the latter category as a pleading which required a responsive pleading, and the responsive pleadings (the answers filed by defendants Van Lanen, Brodbeck and Graf ) were variously filed and served on August 3 and August 4. Therefore, Thomas' amendment must be allowed as a matter of course because he filed it on August 16, easily with the applicable 21 day time period. The additional claims raised by the amended complaint pass the screening requirements for IFP proceedings, 28 U.S.C. § 1915(e)(2), except for the claims brought against the City of Milwaukee Police Department. *Averhart v. City of Chicago*, 114 Fed. Appx. 246, 247 (7th Cir. 2004); *Grow v. City of Milwaukee*, 84 F. Supp. 2d 990, 996 (E.D. Wis. 2000) (City of Milwaukee Police Department lacks capacity to sue or be sued under Wisconsin law).

The Brown County defendants argue that the amendment should be rejected because it attempts to join additional parties in violation of Federal Rule of Civil Procedure 20. Rule 20 allows joinder of multiple defendants if "any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Courts

generally utilize a case-by-case approach to determine if a particular factual situation constitutes a single transaction or occurrence. *See Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000). Joinder should be analyzed in light of the overarching purpose of Rule 20, which is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* Joinder of claims, parties and remedies is strongly encouraged by the Federal Rules of Civil Procedure. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Rule 2, 18-20, 42).

Thomas alleges that the proposed additional defendants (the City of Milwaukee police officers) interrogated, searched and arrested him on some later date after this lawsuit was filed. The Brown County defendants argue that these allegations do not satisfy the "same transaction" test with respect to the original allegations because the two incidents are separate and unrelated. This is an improperly narrow view of Thomas' allegations. Thomas alleges that officer Jason Rodriguez "and the other Defendant Milwaukee police officers retaliated against the Plaintiff with harassment by coming to his abode without being dispatched, forced entry, conducted an unreasonable search without warrant or probable cause, destroyed a DVD recording of the Brown County Officers (evidence which proved that their Green Bay search was not lawful) physically assaulted the Plaintiff and placed him under arrest for various charges." D. 23-1, Amended Complaint, ¶ 7. Therefore, Thomas makes clear in his amended complaint that the second search and seizure is somehow related to the first. Moreover, Thomas specifically alleges that Officer Rodriguez and the other City of Milwaukee defendants were involved in the first interrogation that occurred in Brown

County after the initial seizure in September 2009. *Id.*, ¶ 5. Accordingly, the claims against the City of Milwaukee officers are logically related to the claims against the Brown County officers. The claims also present common questions of law or fact, Fed. R. Civ. P. 20(a)(2)(B), and they can and should be tried in a single proceeding. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974); *Insolia v. Philip Morris, Inc.*, 186 F.R.D. 547, 549 (W.D. Wis. 1999); *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship").

The Brown County defendants argue that they will be prejudiced and forced to incur additional expense if the City of Milwaukee defendants are brought into this case. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (court may deny permissive joinder if joinder would create "prejudice, expense or delay"); *Intercon Research Assoc., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 58 (7th Cir. 1982) (trial court may examine "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness"). The possibility of prejudice is largely speculative at this early stage of the proceedings, and prejudice can be alleviated through other procedural devices, including a motion for separate trials if the case advances that far. Fed. R. Civ. P. 42(b). Joinder may result in additional discovery expense, but such a mild assertion is insufficient to overcome the strong federal policy in favor of joinder.

Thomas also moves the Court for appointment of counsel. This motion is denied because Thomas failed to demonstrate that he made a reasonable attempt to obtain counsel on his own behalf. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Thomas' motion to amend his complaint [D. 23] is **GRANTED**. The Clerk of Court is directed to detach the amended complaint [D. 23-1] and file it as a separate docket entry;

2. Thomas' claims against the City of Milwaukee Police Department are **DISMISSED**;

3. Thomas' motion for appointment of counsel [D. 23] is **DENIED**; and

4. The U.S. Marshals Service shall serve a copy of the amended complaint, a waiver of service form and/or the summons, and this order on all of the defendants who have yet to appear in this action (Chestnutt Hill Apartments, Jen Kuo and Eric Chang), in addition to the newly-joined defendants: City of Milwaukee Police Officers Jason Mucha, Michael Vagnini, Jacob Knight and Jason Rodriguez.

5. Even though the plaintiff has been permitted to proceed *in forma pauperis* in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in Revision

to United States Marshals Service Fees for Services. 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived, either by the Court or by the Marshals Service.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**